IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 10 CR 6-1 |
| MAHOMOUD AHMED, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Federal inmate Mahomoud Ahmed ("Ahmed") has filed a motion seeking a writ of error coram nobis[1] -- a motion in which he seeks to advance the type of collateral attack on his conviction (one that claims constitutionally inadequate representation by his counsel) that lies within the purview of 28 U.S.C. § 2255 ("Section 2255").[2] Indeed, Ahmed's choice of a coram nobis label for his motion appears to reflect an obvious awareness that even without the need for any interstitial calculations he is well beyond the one-year limitation period for Section 2255 motions set out in Section 2255(f) -- he pleaded guilty on July 22, 2010 and was sentenced to a 54-month custodial term on November 19, 2010.

That dooms Ahmed's motion, for coram nobis is available (if at all) only under the All-Writs Act, Section 1651(a), and on that score Owens v. Boyd, 235 F. 3d 356, 360 (7th Cir. 2000) (citing Supreme Court decisions as authority) has put the matter succinctly:

---

[1] No copy of Ahmed's motion was delivered to this Court's chambers, as should have been the case. Instead this Court learned of the motion only through its regular ECF review, so that it caused a printout of Ahmed's filing to be made for its use.

[2] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

> Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use § 1651(a) to escape statutory restrictions on those remedies.

Indeed, less than two years later Godoski v. United States, 204 F. 3d 761, 763 (7th Cir. 2002), after citing and quoting from one of those cases (Carlisle v. United States, 517 U.S. 416, 429 (1996)), elaborated on that succinct statement:

> The point, rather, is that after *Carlisle* it is not possible to change the source of authority to grant relief by changing the caption of a piece of paper. To say that a claim arises under § 1651 does not make it so, any more than calling a donkey's tail a "leg" give the animal five legs. No matter what its caption, a motion is under § 2255 if it falls within the description of § 2255 ¶ 1. . . . A post-conviction filing that fits the description of § 2255 ¶ 1 *is* a motion under § 2255, and subject to its restrictions, no matter what the pleader says.

Thus Ahmed has driven his own nails into the coffin in which his coram nobis effort is buried. This Court denies his motion out of hand.

                                                        Milton I. Shadur
                                                        Senior United States District Judge

Date: April 17, 2014